## Case No. 3,215a.

### COPPENBUSEN v. FOLKE et al.

[Betts' Scr. Bk. 681.]

Circuit Court, S. D. New York. Feb. 24, 1862.

PATENTS FOR INVENTIONS—"TIN FOIL"—OIL PATENTS—VALIDITY.

[In equity. Bill by Conrad Coppenbusen to restrain the infringement of certain patents by the defendants, Oscar Folke, Eberhard Faber, Edward Simon, and others.]

Charles M. Keller, E. W. Stoughton, and George D. Sargeant, for complainant.

John Ashmead and W. J. A. Fuller, for defendants.

Before NELSON, Circuit Justice, and SHIPMAN, District Judge.

PER CURIAM. Both patents of L. Otto P. Meyer, known as the "tin foil" and the "oil" patents, for improved methods of vulcanizing hard rubber compound, embossed and plain surfaces, are valid; the re-issued patent covers no more than the original invention. It is also adjudged that the respondents have infringed both patents; that an injunction be issued, and an order of reference to account.

COPPER SILL (UNITED STATES v.). See Case No. 14,866.

## Case No. 3,216.

### COPPERTHWAIT et al. v. McCORD.

[2 McLean, 143.][1]

Circuit Court, D. Ohio. July Term, 1840.

PRACTICE—CONTINUANCE.

[The Ohio statute allowing service of a notice by defendant, requiring service of copies of all writings upon which the declaration is founded, comprehends actions on contract only, and not an action of ejectment; consequently the failure to respond to a notice given in such an action is no ground for a continuance.]

The defendant [Samuel McCord] served a notice on the plaintiff's attorney, to furnish him with copies of all deeds, records of judgments, and decrees in equity, and all other evidence of title intended to be used as evidence on the part of the lessor of the plaintiff. The statute, under which this notice

[1] [Reported by Hon. John McLean, Circuit Justice.]

was served, requires "the plaintiff, or his attorney, to deliver to the defendant, or his attorney, if demanded, a copy of the account, or bill of particulars, of the demand, or a copy of the bill, bond, deed, bargain, contract, note, instrument, or other writing, whereon the declaration is founded, or which he intends to offer in evidence at the trial." And, in the succeeding section, it is provided, that if the plaintiff, or defendant, shall refuse to furnish the copy or copies required, the party so refusing shall not be permitted to give in evidence at the trial, the original, of which a copy has been refused. Under this act it seems it has not been the practice, in the state courts, to give the notice in the action of ejectment. But whether the act embraces the action of ejectment, has not been decided by the supreme or circuit courts of the state. The uniform course of practice, under an act, goes strongly to establish the construction of it, without any express decision of the court. As the papers required by the notice in this case have not been produced, a continuance is asked on that ground; and this, for the first time, it is believed, brings up for decision, whether the statute embraces an action of ejectment. The language of the statute is general, and no action is excepted, but the provision would seem to apply to actions founded upon contracts, and this construction has generally, if not uniformly, been given to the act. And, we think, the intention of the legislature is effectuated by this view of the statute. The notice, under the statute, applies as well to the defendant as to the plaintiff; and can it be supposed, that the lessor of the plaintiff, in the action of ejectment, by serving a notice on the defendant, can compel him to exhibit his title papers before the plaintiff has proved his title?

Upon the whole, we think the refusal or neglect to furnish the copies called for by the notice affords no ground for a continuance of the cause, as the statute does not authorize such a notice in an action of ejectment.

Mr. Chase, for plaintiff.

Moses B. Corwin, for defendant.